## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
| **JOAN LAWRENCE,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| v. | ) |
|  | ) |
| **LOUIS DEJOY,** *Postmaster General, U.S. Postal Service*, | ) |
|  | ) |
| **Defendant.** | ) |

Civil Action No. 24-11326-BEM

---

## MEMORANDUM AND ORDER ON
## <u>MOTION TO DISMISS AND MOTION TO AMEND</u>

**MURPHY, J.**

This matter is before the Court on the motion by defendant Louis DeJoy ("Defendant") to dismiss the complaint ("Defendant's Motion") and the motion by plaintiff Joan Lawrence ("Plaintiff") to amend her complaint ("Plaintiff's Motion"). For the reasons set forth below, the Court GRANTS Defendant's Motion and DENIES Plaintiff's Motion.

### I.    BACKGROUND

On May 20, 2024, Plaintiff filed her initial complaint alleging that the U.S. Postal Service discriminated and retaliated against her in violation of Massachusetts's antidiscrimination law (Chapter 151B). Dkt. No. 1. On January 24, 2025, Defendant moved to dismiss the complaint for lack of subject matter jurisdiction. Dkt. No. 14. On February 11, 2025, Plaintiff filed an opposition to Defendant's motion to dismiss, Dkt. No. 18, and a motion for leave to file an amended complaint, Dkt. No. 17. Defendant opposed the motion for leave to file an amended complaint on

1

February 25, 2025.  Dkt. No. 21.  On February 27, 2025, Plaintiff filed a reply to Defendant's opposition.[1]  Dkt. No. 22.

## II.    LEGAL STANDARDS

### A.  Motion to Dismiss

A defendant may move to dismiss an action based on lack of federal subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  "The First Circuit has held that the proponent must clearly indicate the grounds upon which the Court may properly exercise jurisdiction over the matter presented."  *Excel Home Care, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 316 B.R. 565, 567 (D. Mass. 2004) (citing *PCS 2000 LP v. Romulus Telecomms., Inc.*, 148 F.3d 32, 35 (1st Cir. 1998) ("[I]t is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading.")).

### B.  Motion to Amend

"A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed."  *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11–12 (1st Cir. 2004).  Prior to the filing of a responsive pleading by the defendant, a plaintiff is permitted to amend a complaint once as a matter of right.  Fed. R. Civ. P. 15(a).  "Thereafter, the permission of the court or the consent of the opposing party is required."  *Steir*, 383 F.3d at 12.  "The default rule mandates that leave to amend is to be 'freely given when justice so requires' . . . unless the amendment 'would be futile, or reward, *inter alia,* undue or intended delay.'"  *Id.* (citations omitted); *see also*

---

[1] The Court cautions Plaintiff that replies are not permitted without leave of the Court. L.R., D. Mass. 7.1(b)(3).

*Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (holding that a district court may deny leave to amend when the request is characterized by "undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part").[2]

## III.    DISCUSSION

### A.  Motion to Dismiss

Defendant argues that the court lacks subject matter jurisdiction because (1) sovereign immunity bars Plaintiff's claims of state law violations and (2) Plaintiff may not assert state law claims where Title VII provides the exclusive remedy.[3] Dkt. 15 at 2–4. "It is 'elementary' that the United States, as sovereign, is immune from suit unless it has consented to be sued." *Skwira v. United States*, 344 F.3d 64, 72 (1st Cir. 2003) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)); *see also FAA v. Cooper*, 566 U.S. 284, 290 (2012) ("[A] waiver of sovereign immunity must be 'unequivocally expressed' in statutory text."). Chapter 151B contains no such waiver of sovereign immunity by the federal government. *See generally* M.G.L. c. 151B. Further, Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. GSA*, 425 U.S. 820, 835 (1976). Plaintiff, as a former "federal employee," "may not bring state-law claims for retaliation and discrimination against a federal employer." *Young v. Brennan*, No. 16-cv-12001-FDS, 2017 WL 1843696, at *6 (D. Mass. May 8, 2017); *see also Pereira v. DeJoy*, No. 23-cv-12133-RGS, 2024 WL 1676850, at *2 (D. Mass. Apr. 18, 2024)

---

[2] Where a motion to amend is "made in derogation of a scheduling order, . . . Rule 16(b)'s more stringent good cause standard" applies. *U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 194 (1st Cir. 2015). Here, no scheduling order specified a deadline for amending the pleadings, and thus Rule 15(a) governs.

[3] Defendant also argues that even if Plaintiff had properly pled claims under Title VII, her claims would fail because she failed to exhaust administrative remedies. Dkt. No. 15 at 5–6. In opposition, Plaintiff argues that she exhausted her administrative remedies, attaching a copy of the EEO dismissal. Dkt. Nos. 18, 19. The Court will address this argument *infra* with regards to Plaintiff's Motion.

(dismissing portions of claim "to the extent it alleges a retaliation claim under Mass. Gen. Laws ch. 151B").

Plaintiff concedes these arguments in her opposition to Defendant's Motion by seeking to amend her complaint to assert only Title VII claims rather than state law claims. Dkt. 18. As such, the Court has no jurisdiction over Plaintiff's initial complaint. *See, e.g.*, *Sanchez v. United States*, 740 F.3d 47, 50 (1st Cir. 2014) ("Federal courts lack jurisdiction over claims against the United States unless the government has waived its sovereign immunity.").

### B.  Motion to Amend

To oppose Defendant's Motion, Plaintiff seeks leave to amend her complaint to add Title VII claims and an additional defendant, the National Association of Letter Carrier, AFL-CIO (the "Union"). Dkt. Nos. 17, 18. In determining whether to grant a motion to amend, the Court must "examine the totality of the circumstances and . . . exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer*, 465 F.3d at 30–31. "The default rule mandates that leave to amend is to be 'freely given when justice so requires' . . . unless the amendment 'would be futile, or reward, *inter alia,* undue or intended delay.'" *Steir*, 383 F.3d at 12 (citations omitted). "Whether a proposed amendment is futile is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (internal quotations omitted). As such, "the amended complaint [must] contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . and contain[] no other fatal defects." *Id.* (internal quotations and citations omitted). The Court must afford all reasonable inferences in the plaintiff's favor. *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 52–53 (1st Cir. 2013).

Defendant argues that amending the complaint is futile because Plaintiff failed to exhaust administrative remedies as required under Title VII.  Dkt. No. 21 at 2.  "Title VII requires exhaustion of administrative remedies as a condition precedent to suit in federal district court." *Jensen v. Frank*, 912 F.2d 517, 520 (1st Cir. 1990).  "An aggrieved person must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *see also Ayala v. Shinseki*, 780 F.3d 52, 55 n.6 (1st Cir. 2015) ("[A]n individual wishing to initiate a complaint against a federal agency . . . must contact an EEO counselor within forty-five days of the alleged unlawful employment practice."); *Velazquez-Rivera v. Danzig*, 234 F.3d 790, 794 (1st Cir. 2000) (holding that "administrative remedies had not been exhausted, since there had been no contact with an [EEO] counselor within 45 days").  While courts have recognized that some circumstances may permit equitable tolling of the forty-five-day requirement, "[t]he First Circuit has taken a 'narrow view' of exhaustion requirements and equitable tolling is not intended to protect a plaintiff who fails to exercise due diligence." *Bangura v. Shulkin*, 334 F. Supp. 3d 443, 457 (D. Mass. 2018) (quoting *Frederique-Alexandre v. Dep't of Natural & Env't. Res.*, 478 F.3d 433, 440 (1st Cir. 2007)).  As such, "[e]quitable tolling requires exceptional circumstances and a 'heavy burden of proving entitlement to equitable relief lies with the complainant.'" *Id.* (quoting *Bartlett v. Dep't of the Treasury*, 749 F.3d 1, 8 (1st Cir. 2014)).

Plaintiff first argues that the time limit should not apply because she has not yet been terminated.  Dkt. No. 22 at 1–2.  However, the trigger of the limitations period is the alleged adverse employment action, which need not necessarily include termination.  *See, e.g.*, *Velazquez-Rivera*, 234 F.3d at 794 (claim of harassment barred because plaintiff "fail[ed] to contact an EEOC counselor within the limitations period").  Both Plaintiff's original complaint and proposed

amended complaint describe receiving a notice of removal[4] as part of the basis for her allegations. Dkt. No. 1 at ¶ 18; Dkt. No. 17-1 at ¶ 18.  As the latest-in-time basis of her complaint, the notice of removal is subject to the EEO requirement.  *See Ayala*, 780 F.3d at 56 (alleged adverse employment action triggers start of limitations period).

Plaintiff also appears to seek equitable tolling of the deadline, arguing that she was not informed of the deadline when she met with her union representative on May 20, 2022, and that she filed her EEO complaint promptly upon learning of the requirement.  Dkt. No. 22 at 1–2. However, "ordinarily there cannot be equitable tolling based on excusable ignorance if the plaintiff had either actual or constructive knowledge of her statutory rights."  *Bangura*, 334 F. Supp. 3d at 457 (quoting *Bartlett*, 749 F.3d at 11).  Here, Plaintiff had at least constructive knowledge of the requirements.  Dkt. No. 19[5] at 3 ("[T]he record contains an affidavit attesting to the fact that the EEO poster is appropriately displayed at your facility.  Additionally, the EEO Dispute Resolution Specialist's Inquiry Report contains a statement to that effect.  Poster 72 informs employees or applicant[s] for employment to contact the EEO office within 45 calendar days of the date of the alleged discriminatory action or, if a personnel action is involved, within 45 calendar days of the effective date of action."); *see also Bartlett*, 749 F.3d at 11 (constructive notice where agency

---

[4] Whether a notice of removal constitutes termination does not matter for the purposes of assessing Plaintiff's compliance with the limitations period.

[5] While generally, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment," *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001), the Court may consider exhibits to a plaintiff's opposition to a motion to dismiss without converting the motion into one for summary judgment "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint," *see, e.g.*, *Stanley v. American Economy Insurance Co.*, No. 24-cv-10622-DJC, 2025 WL 509498, at *2 (D. Mass. Feb. 14, 2025); *Costa v. Zurich Am. Ins. Co.*, No. 24-cv-10961-DJC, 2024 WL 5057723, at *2 (D. Mass. Dec. 10, 2024); *Evans v. Thompson*, No. 14-13024-JGD, 2017 WL 1224538, at *1 (D. Mass. Mar. 31, 2017).

complied with posting requirements that detailed EEO filing requirements).  Plaintiff does not provide any facts to refute the claim that EEO requirements posted properly, and thus cannot meet the "heavy burden of proving entitlement to equitable" tolling.  *See Bartlett*, 749 F.3d at 10–11 (internal quotations and parentheses omitted) (party's failure to refute claim that EEO requirements posted properly fails to meet "burden of showing a lack of constructive knowledge of the filing requirements").  Because Plaintiff failed to contact an EEO Counselor within the requisite period, she did not exhaust her administrative remedies and any attempt to amend her complaint to allege violations of Title VII against Defendant would be futile.  *See, e.g.*, *Choroszy v. Wilkie*, 544 F. Supp. 3d 134, 138 (D. Mass. 2021); *Velazquez-Rivera*, 234 F.3d at 794.

Plaintiff's Motion also seeks to add the Union as an additional defendant in this case.  But Plaintiff's failure to comply with Local Rule 15.1(b) bars any attempt to add a new defendant.  *See* L.R. 15.1(b) (requiring 14 days' notice to new defendant prior to motion to amend); *see also Ortiz v. Mara*, 435 F. Supp. 3d 330, 332 (D. Mass. 2020) ("[Plaintiff] has not complied with Local Rule 15.1 and for that reason alone, his motion to amend must be denied.").

## IV.    CONCLUSION

For the reasons stated, Defendant's Motion (Dkt. No. 14) is GRANTED and Plaintiff's Motion (Dkt. No. 17) is DENIED.

**IT IS SO ORDERED**.

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

Dated:  March 14, 2025

7